**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICKEY CHERRY,<br>Petitioner,<br>v.<br>TAYLOR, *Warden*,<br>Respondent. | Case No. 1:26-cv-01541-JLT-EGC (HC)<br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL**<br>(Doc. 11)<br><u>TWENTY-ONE DAY DEADLINE</u> |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

On June 8, 2026, Respondent filed a motion to dismiss. (Doc. 11). Pursuant to Eastern District of California Local Rule 230, Petitioner's response or indication of non-opposition was due no later than June 25, 2026. *See* E.D. Cal. Local Rule 230(c); F.ed. R. Civ. P. 6(d). To date, no such response has been filed. (*See* Docket).

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." District Courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

**Accordingly, Petitioner is ORDERED to show cause, <u>within twenty-one (21) days of the date of service of this Order</u>, why a recommendation should not issue for this action to be dismissed for Petitioner's failure to comply with the Local Rules and for failure to prosecute their case.** Alternatively, within that same period, Petitioner may file a response to Respondent's motion to dismiss, a statement of non-opposition, or a notice of voluntary dismissal. The Court further CAUTIONS Petitioner that, if they fail to act within twenty-one (21) days of the date of service of this order, the Court will recommend to a presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Petitioner at their address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **November 20, 2026**

Erin Sun Castillo

UNITED STATES MAGISTRATE JUDGE